UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HECTOR ACEVEDO,<br><br>Defendant. | Criminal No. 21-cr-10355-PBS |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Hector Acevedo pled guilty to the Superseding Information charging him with one count of receipt of child pornography by an individual who was previously convicted of a like offense, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). He agreed to do so in a "C" plea agreement in which the parties agreed to a sentence of 20-25 years in prison on the receipt of child pornography charge, and the government agreed to dismiss the Indictment charging him with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e) following imposition of sentence.

Receipt of child pornography by a recidivist is a serious crime with a serious impact on the child who was a victim of the crime. However, Acevedo's conduct here is even more serious than the "typical" version of this crime. That is because Acevedo did not simply receive child pornography – he solicited it from children online, after previously being convicted of the same thing and being classified as a Level 3 Sex Offender by virtue of that offense. Just months after being released from prison in October 2020 for obtaining child pornography from a 12-year-old girl he had contacted online and threatening to kill her family if she did not send nude pictures (PSR ¶ 48), he again actively sought out minor children over the internet using multiple platforms.

He lied about his age and sometimes his gender (claiming at various times to be a 12, 13, or 14-year-old girl) and attempted to convince children to provide him with nude pictures of themselves. PSR ¶¶ 41-43.  In particular, after lying and claiming he was a 17-year-old boy, he successfully solicited Minor A, a 13-year-old girl who had told him she was 13, to send him naked pictures of herself and to engage in sexual activity over videochat for him to view for his sexual gratification, while he concealed his face from her.  PSR ¶¶ 17-20.  He also asked Minor A for her address and said that he was going to send his buddy and at one point said he'd "take u somewhere [her dad] won't find us"; thankfully, she did not give her real address.  PSR ¶¶ 15-16.  Nonetheless, her life will never be the same as a result of Acevedo's conduct.

Acevedo was originally charged with sexual exploitation of children in violation of 18 U.S.C. § 2251, which for a recidivist like Acevedo carries a mandatory minimum sentence of 25 years.  In connection with the C plea, the government agreed to allow Acevedo to plead guilty to the lesser offense of receipt of child pornography by a recidivist, and agreed to recommend a sentence within the range of 20-25 years.  For the reasons outlined below and to be articulated at the sentencing hearing, the government respectfully requests that this Court impose a sentence of 25 years of incarceration and 60 months of supervised release.

## **FACTS**

The government relies on and incorporates the facts as set forth in the statement of offense conduct in paragraphs 9 through 23 and 40-43 of the Presentence Investigation Report ("PSR"), which facts it discusses further below in making its sentencing argument.

The government notes that, in addition to his conduct soliciting Minor A and other children online summarized above, in September 2021 (a few months after his interactions with Minor A), Acevedo successfully solicited and received three videos of child pornography from another user

on Snapchat. PSR ¶ 42. The children in two of these videos have been identified as "series" victims, and one of these victims has submitted a victim impact statement and restitution request, which have been submitted to the Court under seal and are discussed further below.

## DISCUSSION

I. **Sentencing Guideline Calculation**

Based on its computation of the defendant's total offense level as 35 and his criminal history category as III, the United States Probation Office ("Probation") has computed a Guideline sentence in this case to include a term of incarceration from 210 to 262 months; the Guideline range of supervised release is five years to life. The government agrees with Probation's calculation of the defendant's Offense Level and Criminal History Category based on the currently-charged offense, and thus agrees with its determination of his Guideline sentencing range (GSR) as outlined above.

However, the government also notes that the defendant's GSR for the originally-charged offense would have been significantly higher, with 25 years representing the low-end of the guidelines and the statutory minimum sentence for sexual exploitation as a recidivist. The government urges that this Court impose the sentence that would have been the mandatory minimum for the sexual exploitation offense that more fully captures the defendant's conduct here: 25 years in prison plus five years of supervised release.

II. **Restitution and Special Assessment**

The government has submitted one restitution request to the defendant from a "series" victim whose child pornography image Acevedo received in response to one of his online

solicitations; the government has also filed that request with the Court under seal.[1] The government has not yet received a restitution request from Minor A. In order to provide Minor A with sufficient time to submit a restitution request, the defendant sufficient time to review the series victim's restitution request, and the parties time to see if they can come to an agreement with regard to restitution, the government requests that the Court order restitution in an amount to be determined within 90 days of sentencing, and the government will endeavor to arrive at an agreed-upon restitution amount and make a joint restitution submission before that time.

As to assessments, as this Court is aware, Title 18, United States Code, Section 3014 provides that courts "shall assess an amount of $5,000 on any non-indigent person" convicted of enumerated offenses related to human trafficking and sexual exploitation, including distribution and possession of child pornography in violation of 18 U.S.C. § 2252A. *Id.* § 3014(a). Where the government believes that the defendant will be able to establish[2] that he is indigent – and thus not subject to the special assessment – and where he will be responsible for paying at least $3,000 in restitution, the government does not advocate for the imposition of this "JVTA" assessment, and the parties agreed there should be no such assessment.

---

[1]  Although the government received this request some time ago, due to an oversight it was not provided to the defendant and the Court until January 21, 2024.

[2]  The defendant bears the burden of proving indigence in this context. *United States v. Kelley*, 861 F.3d 790, 800 (8th Cir. 2017). The government believes that the Court may determine whether he has met that burden without a hearing. The "detailed discussion of [the defendant's] financial situation, including his assets, income, liabilities, and expenses" outlined in the PSR "is sufficient to permit appellate review of the district court's decision to impose the $5,000 special assessment." *United States v. Lail*, 736 F. App'x. 381, 382 (4th Cir. 2018).

The defendant's ability to pay is also a factor to consider in determining what assessment, if any, this Court should impose pursuant to 18 U.S.C. § 2259A.[3] Where the defendant will be required to pay at least $3,000 to the series victim, will be required to pay at least $3,000 in restitution, and faces a lengthy prison sentence, the government does not advocate for the imposition of this "AVAA" assessment, and the parties agreed there should be no such assessment..

The defendant is required to pay the mandatory $100 special assessment.

### III.     Application of the § 3553(a) Factors and Guideline Specific Offense Characteristics

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant. They also require courts to consider the kinds of sentences available and the GSR.

For the reasons outlined in the government's filings, and those to be articulated at the sentencing hearing, the government submits that its recommended sentence of 25 years in prison is reasonable and necessary in this case to promote respect for the law, to adequately punish the defendant for his criminal conduct, to deter him and others from offending in the same ways

---

[3] Monies paid under this section are deposited and pooled in the "Child Pornography Victims Reserve" established in 18 U.S.C. § 2259B, which is the fund from which child pornography victims can receive a one-time fixed amount of compensation instead of seeking restitution on a case-by-case basis.

again, and – most critically here – to protect the public, particularly vulnerable children.

The government understands that the Guidelines sentencing ranges for child exploitation crimes in general are quite high as compared to the ranges for many other crimes that are prosecuted in federal court. That distinction is not without reason: both Congress, in setting the mandatory minimum sentence of incarceration applicable to the defendant's offenses of conviction, and the Sentencing Commission, in developing the Guidelines and specific offense characteristics applicable to his conduct, clearly recognize that individuals who prey on the most vulnerable members of our society merit truly significant punishment that is commensurate with the harm they cause and the danger they pose. A significant sentence is necessary to reflect the gravity of the defendant's crimes.  As the Sentencing Commission found in its 2012 report to Congress,[4] "all child pornography offenses are extremely serious because they both perpetuate harm to victims and normalize and validate the sexual exploitation of children." *Id.* at 311.  This is especially true here, where the defendant was actively seeking out children online and lying about his age and gender in order to engage them in conversation and solicit naked pictures from them.  He successfully solicited a girl who he knew was only 13 years old to send him naked pictures and engage in sexual behavior for him to view for his own sexual gratification.  He also asked Minor A for her address; had she not lied to him and provided a false address, this might be a very different case.  His inappropriate online conduct with children continued through October 19, 2021 – the day of the federal search warrant execution at his house. PSR ¶ 42. The defendant's conduct is particularly frightening because the defendant had been released after serving a five-to-seven-year sentence for similar conduct just months before and was on state probation when he

---

[4] Available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_12.pdf   (last accessed January 21, 2024).

committed this offense.  The defendant either could not control his behavior or was not deterred by the prospect of the punishment and corollary consequences he would face if caught.

It is difficult to overstate the seriousness of the defendant's crime and the effects that it has had and is expected to continue to have on Minor A throughout her life.  Although Minor A has not yet submitted a victim impact statement, the impact statement submitted from the series victim provides insight into how the knowledge of having been harmed in this way can have devastating effects on victims' self-image, confidence, feeling of safety, mental health, trust of others, and day-to-day life.  That victim writes how she has "lived [her] life uncomfortable with men and boys around" and "always conscious of my clothing."  She speaks of how she "want[s] to forget it but [she] cannot do that all the time."  What was done to her makes it "so hard to trust anyone, even family and friends sometimes."  She speaks particularly of her fear of the time when the person who harmed her and distributed her images gets out of prison.  *See* USAO 010129 (filed under seal).

The defendant's background, described in PSR ¶¶ 57-81, does not explain or mitigate his conduct.  Although finances were challenging in his childhood, he reports having a loving home.  Although he witnessed or heard of violence in his neighborhood, that appears unrelated to the conduct he eventually engaged in.  And although he had some learning disabilities, there is no reason to believe that those disabilities are connected to his conduct; indeed, despite those disabilities, he was able to set up multiple online profiles on multiple platforms, deceive children about his age and gender, and successfully obtain child pornography from them. ███████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

7



The government recognizes that it is always difficult to quantify in years "how much" is "enough" to adequately punish the defendant, deter similar criminal conduct, and protect the public. Given the reprehensible conduct here, a longer sentence recommendation could have been made. In making the recommendation that it does, the government has also considered the defendant's admissions to interviewing law enforcement in the pre-polygraph interview and his ultimate acceptance of responsibility through his guilty plea in this matter.

The government's recommended sentence of 25 years, while indisputably a lengthy sentence, is in line with sentences for similar offenses in the District of Massachusetts. *United States v. Nieves*, 19-CR-10367-DJC (21-year-old transgender defendant with significant history of abuse and self-harm and no record sentenced to 30 years for producing and distributing child pornography depicting her hands-on abuse of child known to her; government recommended 40

years); *United States v. Decarolis*, 19-cr-40038-TSH (defendant who produced child pornography involving five minors sentenced to 38 years); *United States v. Lee*, 18-cr-10105-IT (defendant with no record who used messaging application to direct New Hampshire male to produce specific child pornography depicting sexual abuse of child known to that person sentenced to 20 years; defendant who sexually abused the child in producing the material sentenced to 50 years in D.N.H. in 18-cr-00004-LM); *United States v. Jonathan Monson*, 18-cr-30015-MGM (defendant who created child pornography depicting sexual abuse of child known to him sentenced to 40 years); *United States v. Toronto*, 17-cr-10307-FDS (defendant with no record who produced child pornography depicting sexual abuse of two minor victims sentenced to 40 years); *United States v. Germaine*, 17-cr-30010-ADB (defendant who created child pornography depicting sexual abuse of child known to him when he was 25 years old sentenced to 35 years pursuant to plea agreement); *United States v. Abreu,* 19-cr-10460-PBS (defendant who created child pornography depicting his sexual abuse of a 12-year-old child sentenced to over 26 years); *United States v. Cyr,* 20-cr- 10303-LTS (defendant who created child pornography depicting sexual abuse of a toddler and sexual exploitation of a 7-year-old in her care sentenced to 25 years in prison).

 Thus, the government's recommendation takes into account the defendant's personal characteristics, the nature and seriousness of the offense, the need for just punishment, general and specific deterrence, the need to protect the public, and the need to avoid unwarranted sentencing disparities. The government recognizes that the requested sentence is quite high and recommends it only after sober consideration of all of the 18 U.S.C. § 3553(a) factors.

## CONCLUSION

For all of the foregoing reasons, the government respectfully recommends that this Court sentence the defendant to 25 years in prison and a period of 5 years of supervised release. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

                Respectfully submitted,

                UNITED STATES OF AMERICA,
                By its attorney,

                JOSHUA S. LEVY
                Acting United States Attorney

                */s/ Elianna J. Nuzum*
                Elianna J. Nuzum
                Assistant United States Attorney
                John Joseph Moakley U.S. Courthouse
                One Courthouse Way, Suite 9200
                Boston, MA 02210
                elianna.nuzum@usdoj.gov
                617.748.3100

Dated: January 21, 2024

## CERTIFICATE OF SERVICE

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                */s/ Elianna J. Nuzum*
                Elianna J. Nuzum
                Assistant United States Attorney

Dated: January 21, 2024